UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
Deborah Rosenbaum,

                       Plaintiff,                    **CLASS ACTION COMPLAINT**

      -against-

National Recovery Agency

                       Defendant.
-----------------------------------------------------------------

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1. This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2. This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this District. Additionally, plaintiff resides within the Eastern District.

4. Plaintiff is a resident of Queens County, in the State of New York.

5. Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA in that the alleged debt that the Defendant, sought to collect from plaintiff is a consumer debt.

6. Upon information and belief, Defendant is an active Pennsylvania company which violated the FDCPA by causing communications to be sent through its agents to the plaintiff located in Queens County in the State of New York.

7. Defendant is authorized to do business within the State of New York.

8. Defendant is a "Debt Collector" as that term is defined by § 1692(a)(6) of the FDCPA.

9. Plaintiff received direct communications from the agents of the defendant who caused the collection letter complained of herein to be sent to the home address of plaintiff on or about April 25, 2014.  A copy of the letter is attached as Exhibit A

10. Said communication was an attempt to collect a debt alleged to have been in default.

## CLASS ACTION ALLEGATIONS

11. This action is brought by plaintiff as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiff and all consumers and their successors in interest (the "Class") with addresses located in the United States who have received initial debt collection notices and/or letters from the defendant as of one year prior to the filing of plaintiff's complaint until the present, which violated the FDCPA in one or more of the ways indicated within this complaint.

Excluded from this Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are members, officers, directors, employees, associates or partners of defendant.

12. This action is properly maintained as a class action. The Class satisfies all the requirements of Rule 23 for maintaining a class action.

13. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons have received debt collection notices and/or voicemails from the defendant, which violate various provisions of the FDCPA.

14. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

    b. Whether plaintiff and the Class have been injured by the conduct of the defendant; and

    c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of the wrongdoing defendant and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

15. The claims of Plaintiff are typical of the claims of the Class. The interests of the plaintiff are not adverse or antagonistic to the interests of other members of the classes.

16.     Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

17.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  No unusual difficulties are likely to be encountered in the management of this class action.

18.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a class action the members of the Class will continue to suffer losses of statutorily protected rights as well as monetary damages and if the conduct of defendant will proceed without remedy defendant will continue to reap and retain proceeds of ill-gotten gains.

19.     Defendant has acted on grounds generally applicable to the Class in its entirety, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

20.     All the foregoing paragraphs are incorporated by reference as if set forth fully herein.

21.     The consumer received a collection letter from the agents of the plaintiff.

22.     Collection letters, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

23. The letter received from defendant failed to state who was the present creditor.

24. Said actions constitute a violation of § 1692g which require that a debt collector state the name of the creditor.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff and the class statutory damages;

c) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

d) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

Dated: Cedarhurst, New York
        August 1, 2014

Plaintiff requests trial by jury on all issues so triable.

_____
Lawrence Katz, Esq.
445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone (516) 374-2118
Facsimile (516) 706-2404